UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEROMY OELKER,<br><br>　　　　　　Petitioner,<br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, et al.,<br><br>　　　　　　Respondents. | Case No. 2:23-cv-01731-GMN-BNW<br><br>Order Dismissing Petition for Lack of Jurisdiction |

This habeas corpus action was initiated, pro se, on September 28, 2023, by Jeromy Oelker. It appears from Oelker's filings, and from information available on the website of the Nevada Department of Corrections, that Oelker recently served a prison sentence in Nevada and is no longer in state custody; it appears that he was on parole when he initiated this action.

Oelker filed three petitions; the most recently filed petition is the operative petition. (ECF No. 17).[1] The petition does not comply with LSR 3-1, which provides: "A petition for writ of habeas corpus under 28 U.S.C. § 2254 must be on the form supplied by the court or must be legible and substantially follow either that form or the form appended to the Rules Governing Section 2254 Cases in the United States District Courts."

---

[1] An amended complaint supersedes (replaces) the original complaint and, thus, must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

1

In large part because Oelker did not draft his petition using an approved form of petition, his petition does not provide sufficient information for the court to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This Court explicitly explained the form requirements for a federal habeas petition when it dismissed Oelker's previous petition in case no. 2:23-cv-01542-ART-EJY. This petition suffers from many of the same defects as the petition in the earlier case, including: there is insufficient information provided in the petition regarding any appeal or petition for postconviction relief pursued in state court, precluding the Court from determining whether his claim is exhausted in state court; and there is insufficient information provided regarding the background of his case for the Court to determine whether his petition complies with the applicable statute of limitations.

If Oelker wishes to pursue a federal habeas petition, he must initiate a new action (he should not put the case number of this case on documents submitted to initiate a new action); he must either pay the $5 filing fee or submit a fully completed application to proceed *in forma pauperis* on the correct form; he must submit a petition for writ of habeas corpus in compliance with LSR 3-1 with respect to the form of the petition; and his petition must be fully completed and legible.

IT IS THEREFORE ORDERED that petitioner's amended petition **(ECF No. 17) is DISMISSED** without prejudice.

IT IS FURTHER ORDERED that petitioner's motion to vacate order **(ECF No. 3) is DENIED as moot**.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability because jurists of reason would not find debatable whether the court is correct in dismissing this action.

It is further ordered that the Clerk of the Court is directed to add Aaron D. Ford, Attorney General of the State of Nevada, to the docket for this case, as counsel for Respondent, and serve Respondent with a copy of this order. Respondent need take no action with respect to this case.

IT IS FURTHER ORDERED that the Clerk enter judgment accordingly and close this case.

DATED: 27 November 2023.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE